**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

IGNACIO O. GONZALEZ, aka Ignacio
Gonzalez-Lopez,

            Petitioner,

  v.

ERIC H. HOLDER Jr., Attorney General,

            Respondent.

No. 05-72595

Agency No. A072-017-474

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 9, 2009
Pasadena, California

Before: THOMPSON and SILVERMAN, Circuit Judges, and BOLTON, [**]
District Judge.

    Ignacio O. Gonzalez, a citizen of Mexico and permanent resident of the

United States, was ordered removed for violating INA, 8 U.S.C. § 1227, §

237(a)(1)(E)(I) by assisting aliens to enter the United States illegally. Gonzalez

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Susan R. Bolton, United States District Judge for the
District of Arizona, sitting by designation.

petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing his appeal and affirming the Immigration Judge's (IJ) denial of his motion to suppress video-taped statements and Form I-213 records.

Where, as here, "the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA." *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (internal quotations omitted). "We review the IJ's findings of fact for substantial evidence and will uphold these findings if they are supported by 'reasonable, substantial, and probative evidence on the record considered as a whole.'" *Id*. at 1039-40. A petitioner contending that the IJ's findings are erroneous must establish that the evidence compels reversal. *See Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998).

The IJ found that statements initially given by the illegal aliens to border patrol agents shortly after their apprehension were believable. The aliens stated they paid Gonzalez to smuggle them into the United States. That evidence, along with testimony from the agents regarding their observations of Gonzalez's conduct, support the finding that Gonzalez knowingly assisted the aliens in illegally entering the United States. The aliens subsequently testified to the contrary, but the IJ did not believe that subsequent testimony.

2

Because the evidence presented to the IJ does not "compel a reasonable finder of fact to reach a contrary result," we are bound by the IJ's factual determination. *See Kazarian v. U.S. Citizenship & Immigration Servs.,* 580 F.3d 1030, 1033 (9th Cir. 2009).

The IJ determined that the border patrol agents did not coerce the illegal aliens into making their initial statements, and denied Gonzalez's motion to suppress those statements. The BIA affirmed that decision. Because the alleged coercion was the only basis for Gonzalez's motion to suppress, and because the record does not compel a finding that the statements were in fact coerced, those statements, which were probative, were properly admitted into evidence. *See Cinapian v. Holder,* 567 F.3d 1067, 1074 (9th Cir. 2009).

The petition for review is **DENIED.**